**EXHIBIT 1**

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| DARLA TRUMAN,<br><br>  Plaintiff,<br><br>vs.<br><br>BICKFORD SENIOR LIVING GROUP,<br>L.L.C, a/k/a BICKFORD COTTAGE,<br><br>  Defendant. | NO. CL99832<br><br><br>PETITION AT LAW |

COMES NOW the Plaintiff, Darla K. Truman, and states:

### NATURE OF THE CLAIM

This is an action under Title I of the ADA and Title I of the Civil Rights Act of 1991, to correct unlawful employment discrimination on the basis of disability.

### PARTIES

1. At all relevant times, Plaintiff has been a resident of Warren, Iowa, United States of America.

2. At all relevant times, Defendant has been a Kansas Corporation (#2773372) doing business in the State of Iowa, County of Polk and the City of Urbandale, and has continuously had and does now have at least fifty (50) employees. Its registered agent is BSMWL, Inc., 9401 Indian Creek Parkway, Suite 1200, Overland Park, KS 66210.

3. At all relevant times, Defendant has been continuously engaged in an industry affecting commerce within the meaning of 42 USC Section 12111(5) and 42 USC Section 12117(7), which incorporates by reference 42 USC Section 2000e(g) and (h).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked as a Court of general jurisdiction. Federal jurisdiction would be invoked pursuant to 28 USC Sections 451, 1331, 1337, 1343 and 1345. This action is authorized pursuant to the ADA, 42 USC Section 12117(a).

5. The employment practices hereafter alleged to be unlawful were and are now being committed in Polk County, Iowa.

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Plaintiff filed a charge with the EEOC alleging violations of Title I of the ADA.

7. The Plaintiff obtained the attached Right-to-Sue letter from the EEOC.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Plaintiff is a qualified individual with a disability. She has an actual disability, a record of having a disability and was regarded as having a disability by Defendant at all times relevant hereto.

10. Prior to May 12, 2004, Plaintiff was employed by Defendant.

11. Defendant terminated Plaintiff on or about May 12, 2004.

12. One of the motivating factors in Defendant's decision to discharge Plaintiff was his disability, record of disability and/or perceived disability.

13. Moreover, the Defendant failed to engage in the interactive process to determine whether reasonable accommodations could be made.

14. The Defendant failed to make a good faith effort to accommodate the Plaintiff, despite the fact that she had been performing her job duties with little or no accommodation.

15. The effect of the practices complained of above has been to deprive Plaintiff of equal opportunities and otherwise adversely effect his status as an employee.

16. The additional effect of the practices complained of has been to cause Plaintiff emotional pain, suffering, inconvenience, financial hardship and mental anguish.

17. The unlawful practices complained of were and are intentional, wilful, wanton and committed with reckless disregard for Plaintiff's rights under the ADA, such that Plaintiff is entitled to punitive damages.

### REQUEST FOR RELIEF

Plaintiff requests that this Court:

A. Grant a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies which provide equal employment opportunities to qualified individuals with disabilities and which eradicate the effects of past and present ADA violations.

C. Order Defendant to make Plaintiff whole by providing her with appropriate lost earnings and insurance premiums, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to, reinstatement of Plaintiff to her former position or payment of future lost wages.

D. Order Defendant to make Plaintiff whole by providing compensation for pecuniary losses, including but not limited to costs to be incurred for health and life insurance premiums and costs of seeking new employment.

E. Order Defendant to make Plaintiff whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial.

F. Grant punitive damages in an amount to deter Defendant from engaging in future discriminatory practices.

G. Grant Plaintiff and Plaintiff's Attorney reasonable attorney fees and costs pursuant to law.

H. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,
Hedberg Owens Hedberg & Walsh, P.C.
by

_____
Joseph L. Walsh (PK15286)
840 Fifth Avenue
Des Moines, Iowa 50309
Telephone: (515) 288-4146
Facsimile: (515) 288-3320
josephwalsh@qwest.net

Attorney for Plaintiff

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Darla K. Truman  
6753 Illinois Street  
Indianola, IA 50125

From: Milwaukee District Office  
310 West Wisconsin Ave  
Suite 800  
Milwaukee, WI 53203

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 26A-2005-00236 | Roxanne M. Kitzman, State & Local Coordinator | (414) 297-1111 |

(See also the additional Information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

MAY 25 2005

Enclosure(s)

John P. Rowe,  
District Director

(Date Mailed)

cc: BICKFORD COTTAGE OF URBANDALE  
5915 Sutton Place  
Urbandale, IA 50322

Atty Joe Walsh  
Hedberg Owens Hedberg & Walsh, PC  
840 Fifth Avenue  
Des Monies, IA 50309

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| DARLA TRUMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>BICKFORD SENIOR LIVING GROUP, L.L.C, a/k/a BICKFORD COTTAGE,<br><br>    Defendant. | NO. CL 99832<br><br><br>JURY DEMAND |

COMES NOW the Plaintiff, Darla K. Truman, and hereby demands a trial by jury.

Respectfully submitted,
Hedberg Owens Hedberg & Walsh, P.C.
by

Joseph L. Walsh (PK15286)
840 Fifth Avenue
Des Moines, Iowa 50309
Telephone: (515) 288-4146
Facsimile: (515) 288-3320
josephwalsh@qwest.net

Attorney for Plaintiff

