# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| DARLA TRUMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 4:05-CV-00513 |
| BICKFORD SENIOR LIVING GROUP, L.L.C., a/k/a BICKFORD COTTAGE, | ) ) ) |
| Defendant. | ) ) |

## **ANSWER**

For its Answer to Plaintiff's Petition at Law ("Petition"), Defendant Bickford Senior Living Group, L.L.C. ("Defendant") answers Plaintiff's allegations as follows:[1]

*This is an action under Title I of the ADA and Title I of the Civil Rights Act of 1991, to correct unlawful employment discrimination on the basis of disability.*

**RESPONSE**: Defendant admits Plaintiff brings this action under Title I of the ADA and Title I of the Civil Rights Act of 1991, but denies engaging in any activity giving rise to such action. Defendant denies each and every remaining allegation in Plaintiff's Nature of the Claim paragraph.

*1.    At all relevant times, Plaintiff has been a resident of Warren, Iowa, United States of America.*

**RESPONSE**: Admitted.

*2.    At all relevant times, Defendant has been a Kansas Corporation (#2773372) doing business in the State of Iowa, County of Polk and the City of Urbandale, and has*

---

[1] For ease of reference, Defendant includes Plaintiff's allegations herein in italics.

KC-1322451-1

*continuously had and does now have at least fifty (50) employees. Its registered agent is BSMWL, Inc., 9401 Indian Creek Parkway, Suite 1200, Overland Park, KS 66210.*

**RESPONSE**: Admitted subject to Defendant's understanding of "all relevant times."

*3.     At all relevant times, Defendant has been continuously engaged in an industry affecting commerce within the meaning of 42 USC Section 12111(5) and 42 USC Section 12117(7), which incorporates by reference 42 USC Section 2000e(g) and (h).*

**RESPONSE**: Defendant admits it is an employer as defined by 42 U.S.C. § 12111(5). Defendant denies a "42 U.S.C. § 12117(7)" exists in the United States Code or that 42 U.S.C. § 12111(5) explicitly references 42 U.S.C. § 2000e(g) and (h). Defendant denies each and every remaining allegation in paragraph 3.

*4.     Jurisdiction of this Court is invoked as a Court of general jurisdiction. Federal jurisdiction would be invoked pursuant to 28 USC Sections 451, 1331, 1337, 1343 and 1345. This action is authorized pursuant to the ADA, 42 USC Section 12117(a).*

**RESPONSE**: Defendants admit paragraph 4 purports that the District Court for Polk County, Iowa, has general jurisdiction over Plaintiff's Petition and that federal jurisdiction can be invoked over Plaintiff's claims. Defendant further admits that 42 U.S.C. § 12117(a) provides Plaintiff with the ability to bring suit in state or federal court alleging discrimination on the basis of disability in violation of the Americans with Disabilities Act. Defendant denies each and every remaining allegation in paragraph 4.

*5.     The employment practices hereafter alleged to be unlawful were and are now being committed in Polk County, Iowa.*

**RESPONSE**: Denied.

6. *More than thirty days prior to the institution of this lawsuit, Plaintiff filed a charge with the EEOC alleging violations of Title I of the ADA.*

**RESPONSE**: Admitted Plaintiff dual filed a charge of discrimination alleging discrimination based upon her "physical disability" with the Iowa Civil Rights Commission ("ICRC") and Equal Employment Opportunity Commission, which the ICRC apparently received on or about November 5, 2004. Denied as to each and every remaining allegation.

7. *The Plaintiff obtained the attached Right-to-Sue letter from the EEOC.*

**RESPONSE**: Admitted.

8. *All conditions precedent to the institution of this lawsuit have been fulfilled.*

**RESPONSE**: Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies the same.

9. *Plaintiff is a qualified individual with a disability. She has an actual disability, a record of having a disability and was regarded as having a disability by Defendant at all times relevant hereto.*

**RESPONSE**: Denied.

10. *Prior to May 12, 2004, Plaintiff was employed by Defendant.*

**RESPONSE**: Admitted.

11. *Defendant terminated Plaintiff on or about May 12, 2004.*

**RESPONSE**: Admitted.

12. *One of the motivating factors in Defendant's decision to discharge Plaintiff was his [sic] disability, record of disability and/or perceived disability.*

**RESPONSE**: Denied.

*13. Moreover, the Defendant failed to engage in the interactive process to determine whether reasonable accommodations could be made.*

**RESPONSE**:  Denied.

*14. The Defendant failed to make a good faith effort to accommodate the Plaintiff, despite the fact that she had been performing her job duties with little or no accommodation.*

**RESPONSE**:  Denied.

*15. The effect of the practices complained of above has been to deprive Plaintiff of equal opportunities and otherwise adversely effect his status as an employee.*

**RESPONSE**:  Denied.

*16. The additional effect of the practices complained of has been to cause Plaintiff emotional pain, suffering, inconvenience, financial hardship and mental anguish.*

**RESPONSE**:  Denied.

*17. The unlawful practices complained of were and are intentional, willful, wanton and committed with reckless disregard for Plaintiff's rights under the ADA, such that Plaintiff is entitled to punitive damages.*

**RESPONSE**:  Denied.

*Plaintiff requests that this Court:*

*A. Grant a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the basis of disability.*

*B. Order Defendant to institute and carry out policies which provide equal employment opportunities to qualified individuals with disabilities and which eradicate the effects of past and present ADA violations.*

C. *Order Defendant to make Plaintiff whole by providing her with appropriate lost earnings and insurance premiums, with pre-judgment interest in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to, reinstatement of Plaintiff to her former position or payment of future lost wages.*

D. *Order Defendant to make Plaintiff whole by providing compensation for pecuniary losses, including but not limited to costs to be incurred for health and life insurance premiums and costs of seeking new employment.*

E. *Order Defendant to make Plaintiff whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial.*

F. *Grant punitive damages in an amount to deter Defendant from engaging in future discriminatory practices.*

G. *Grant Plaintiff and Plaintiff's Attorney reasonable attorney fees and costs pursuant to law.*

H. *Grant such further relief as the Court deems necessary and proper.*

**RESPONSE**: Defendant denies Plaintiff is entitled to any of the relief requested in Plaintiff's Request for Relief paragraph.

## ANSWER TO ALL ALLEGATIONS

Defendant denies each and every allegation in Plaintiff's Petition unless specifically admitted in this Answer.

## DEFENSES

1. Plaintiff's Petition fails to state a claim upon which relief can be granted against Defendant.

2. Plaintiff has failed to establish and cannot establish a prima facie case of disparate treatment and/or failure to accommodate disability discrimination.

3. Plaintiff's claim(s) are barred in whole or in part by the applicable statutes of limitations.

4. Plaintiff's claim(s) are barred in whole or in part to the extent Plaintiff failed to exhaust required administrative remedies and/or to the extent her claims exceed the claims raised any charge of discrimination.

5. Plaintiff's claim(s) are barred by the doctrines of laches, estoppel, waiver, and/or unclean hands.

6. Plaintiff is not a qualified individual with a disability.

7. Plaintiff does not have a record of having a disability and Defendant regarding her as having a disability.

8. Defendant reasonably attempted to accommodate Plaintiff's restrictions.

9. Defendant did not treat Plaintiff differently than it treated its employees who did not have restrictions.

10. Defendant at all times attempted in good faith to engage in a dialogue with Plaintiff regarding her restrictions.

11. Plaintiff caused any breakdown in any dialogue regarding her restrictions.

12. Defendant's actions with respect to Plaintiff were non-discriminatory, were based on legitimate reasons, and were carried out in the good faith exercise of Defendant's reasonable business judgment.

13. Defendant in good faith alleges Plaintiff has failed to mitigate her claimed damages.

14. To the extent Plaintiff recovers any damages based upon her claims, the existence of which Defendant specifically denies, Defendant is entitled to a set-off or credit for amounts Plaintiff earned or could have earned if she had mitigated her claimed damages.

15. Plaintiff is not entitled to recover any punitive damages, the existence of which Defendant denies, because Plaintiff has not set forth and cannot set forth facts sufficient to support a claim under any federal law for such damages, because Defendant adopted policies and practices in support of its non-discrimination obligations and in good faith attempted to comply with those obligations, and because any Defendant employee who engaged in conduct with respect to Plaintiff as alleged in her Petition, which Defendant specifically denies, lacked sufficient authority to subject Defendant to punitive damages.

16. Plaintiff's prayer for punitive damages violates the 8th and 14th Amendments to the United States Constitution.

17. Any injury to Plaintiff, the existence of which Defendant specifically denies, was caused by Plaintiff and/or by third parties over whom Defendant has no control or who were acting outside the course and scope of their employment with Defendant, not by Defendant.

18. Plaintiff's claims are barred in whole or in part because Defendant took prompt, effective, remedial action to end all objectionable conduct when it became aware of such objectionable conduct, the awareness and existence of which conduct Defendant specifically denies.

19. Defendant is not liable for any alleged discrimination because Defendant had measures in place to prevent and/or to correct discrimination, and Plaintiff unreasonably failed to use those measures.

20. Any injuries or emotional distress suffered by Plaintiff were caused by her own acts and/or by the acts of third parties and not by the acts of Defendant, the existence of which injuries and/or emotional distress Defendant specifically denies.

21. Any alleged harm Plaintiff suffered, the existence of which harm Defendant specifically denies, was not reasonably foreseeable.

22. Defendant is presently without knowledge and information sufficient to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant therefore reserves the right to assert additional defenses, including affirmative defenses, if appropriate.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant requests this Court dismiss Plaintiff's Petition in its entirety and award Defendant its costs, its attorneys' fees, and any additional relief this Court deems just and proper.

Respectfully submitted,

/s/ Nicole Theophilus
Nicole Theophilus     IA Bar No. 19526
Jeffrey D. Hanslick     MO Bar No. 46693
Megan M. Belcher     MO Bar No. 53153
Blackwell Sanders Peper Martin LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080

**ATTORNEYS FOR DEFENDANT**
**BICKFORD SENIOR LIVING GROUP, L.L.C.**

## **CERTIFICATE OF SERVICE**

       This is to certify that on this 21st day of September, 2005, a copy of the above and foregoing was served via electronic notification upon:

Joseph L. Walsh
Hedberg Owens Hedberg & Walsh, P.C.
840 Fifth Avenue
Des Moines, IA 50309
(515) 288-4146 (telephone)
(515) 288-3320 (facsimile)
josephwalsh@qwest.net

**Attorney for Plaintiff**

                                            /s/ Nicole Theophilus
                                            Attorney for Defendant